

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2006

# Whitten v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2320

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Whitten v. Comm Social Security" (2006). *2006 Decisions.* Paper 1411.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1411

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2320

———————

PATRICIA A. WHITTEN,
*Appellant*

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 02-cv-4603)
District Judge: Honorable Dennis M. Cavanaugh

———————

Submitted Under Third Circuit LAR 34.1(a)
February 27, 2006
Before: SLOVITER, FUENTES, and BECKER, *Circuit Judges.*

(Filed March 20, 2006)

OPINION

———————

BECKER, *Circuit Judge*.

Patricia Whitten appeals the District Court's entry of summary judgment in favor

of the Commissioner of Social Security on her claim for disability insurance benefits

under Title II of the Social Security Act. Whitten suffers from a variety of ailments –

primarily Hepatitis C, HIV, depression, and anxiety. The principal manifestation of these

ailments is fatigue, accompanied by muscle ache. The ALJ took account of these conditions but concluded that Whitten's impairments – either individually or in combination – were not, when properly evaluated, of such severity as to preclude her from engaging in substantial gainful activity. Our review of the ALJ's conclusion is deferential – for substantial evidence. See Ramirez v. Barnhart, 372 F.3d 546, 550 (3d Cir. 2004). The record is quite extensive and we have reviewed it with great care. However, we write for the parties who are familiar with the facts of this case. Hence, we limit our discussion to our *ratio decidendi*. For the reasons that follow, we affirm.

This case largely turns on the merits of the medical controversy relating to the significance of laboratory tests. It is not disputed that Whitten's HIV viral loads were high, but there was substantial evidence that they did not cause a functional limitation. Although the report of Dr. Al-Haddadin, Whitten's treating physician, indicates that Whitten's HIV was not suppressed, as the ALJ noted, the report also reflects no evidence of opportunistic disease or manifestations of the disease itself (App. 15). Dr. Al-Haddadin's examinations in January 2001 also revealed that Whitten's heart, chest, lungs, and abdomen were all normal (Tr. 330). Moreover, Whitten's neurologic examination was also normal and her liver biopsy revealed only mildly active chronic hepatitis, and no fibrosis (Tr. 329-30). Dr. Lo Biondo, who examined Whitten for the State of New Jersey, could detect no mental disorder and concluded that the psychiatric prognosis was at least "fair."

This case is unusual in that no less than five state agency physicians reviewed

2

Whitten's medical records. They were all qualified reviewers and all concluded that Whitten had no severe impairment or combination of impairments. More specifically, one of the reviewers, Dr. Druskin, concluded, based on laboratory tests (or the lack thereof): that there was no evidence of active liver disease; that Whitten's HIV was in good control and was "non-severe"; and that her putative breathing obstruction problem was also non-severe. Dr. Berger, a Board certified internist, concurred. In terms of Whitten's symptoms and complaints, the state examiners concluded that they were not justified by the levels of disease found; i.e. non-severe Hepatitis C, non-severe HIV, and non-severe obstructive airway disease – either alone or in combination. Coincidentally, consultative examiner Dr. Vastesaeger's findings are consistent with the ALJ's findings. Whitten's reliance is on Dr. Vastesaeger's reporting on Whitten's personal complaints, not on the doctor's diagnosis.

To be sure, Whitten adduced evidence, including evidence from treating physicians, that supports her claims. However, the countervailing evidence was sufficiently strong that the ALJ was entitled to credit it and to reject the treating physicians' opinions as unsupported by the medical evidence. See Morales v. Apfel, 225 F.3d 310 (3d Cir. 2000). The burden of proving severity is, of course, on the plaintiff. Id. at 315. Whitten's contentions that the ALJ failed to properly consider Whitten's objective complaints and her non-exertional impairments are baseless.

Despite Whitten's submission to the contrary, once the ALJ concluded that Whitten did not have a severe impairment, a listings analysis was not required. See 20

C.F.R § 404.1520(c).  At all events, there are insufficient objective symptoms and laboratory findings to support a listings claim.

The judgment of the District Court will be affirmed.